Curia, per

O’Neall, J.
To answer properly the question raised by this appeal, it will be well to understand what is the legal effect of proof of the handwriting of subscribing witnesses. In M’Elwee vs. Sutton, (2 Bailey R. 128,) it is correctly said to establish the deed upon the presumption,— 1st. that if the deed had not been executed as it purports to have been, the witnesses would not have subscribed then-names — and, 2nd. that if the witnesses were alive, they would give all the necessary evidence to establish the fact of execution. These being the legal conclusions from such *83 secondary evidence, introduced as the best which the case is susceptible of, when the witnesses are dead; it would seem to follow, that it is not necessary to prove the grantor’s handwriting ; for, his signature, seal and delivery are proved when the handwriting of the witnesses is proved. But it is usual to prove his handwriting, and where it can be done, it is safest and best to prove it.
Here, however, the deed is an ancient one. 35 years are passed since its execution. Twenty years, in this State, is the time after which, generally, presumption stands in place of proof, for the memory of man is supposed not to go back beyond it; and deeds, if they are thirty years old, with possession under them, or other circumstances accompanying them and shewing their authenticity, are admitted in evidence without proof of execution. In Wagner et al. vs. Aiton, (Rice R. 100,) a deed thirty-nine years old was admitted in evidence, on proof of the handwriting of one witness, and of the registry of the deed. In that case, the Court remarked that the proof was “ all which could be given, and enough to establish the existence of the paper more than thirty years before.” In Jackson ex dem. Livingston et al. vs. Burton, (11 Johns. R. 64,) the subject underwent the review of the Supreme Court of New York, and a deed forty-four years old was admitted in evidence, on proof of the handwriting of one of the subscribing witnesses. Ch. J. Kent said that “ the proof of the deed was prima facie sufficientnor was it even contended that it would have been otherwise if proof had been given of the handwriting of the other subscribing witness.
Among our own decisions, a single case seems to be at variance with the position for which I am contending, (Sims vs. De Graffenreid, 4 M’C. 253,) but that case is very imperfectly reported; nor does that go so far as to decide that, upon evidence of the death of the witnesses, and proof of their handwriting, the deed would not have been proved. The *84 decision there was, that the death and evidence of the handwriting of one witness was not sufficient.
Upon a subsequent trial, the death and handwriting of the other witness being proved, as well as the registry of the deed, the plaintiff again obtained a verdict, which was not disturbed.
The case of Cornneil vs. Bickley, (1 M’C. R. 466,) where the grantor’s handwriting was proved, and the subscribing witnesses were out of the State, put the objection to the proof of a recent deed upon the absence of evidence of the handwriting of the latter. From which it appears, that proof ,of the grantor’s handwriting did not, per se, establish the factum of execution, and that the handwriting of the witnesses must be proved to establish it. The reason of this is plain : •in ordinary cases, the grantor could not prove the execution .of his own deed ; and, if he is incompetent as a witness, it would seem to follow that proof of his handwriting could only be a circumstance in aid of the proof of execution, and •not essential to it.
Indeed, in no case of secondary evidence, is plenary proof to be expected. Such proof as will create a belief of the ■fact is all that can be required. When subscribing witnesses to a deed or will are dead, or removed, less proof is to be looked for than might be obtained if they were present; and, if many years have elapsed since the execution of the paper, •the proof becomes, of course, more difficult and less full. In Stockdale vs. Young, (2 M’C. R. 531,) there was a deed from John to Edward Rutledge, witnessed by Keating Lewis Simmons and John Dunlap, Esqrs. The parties and witnesses being dead, the deed, which was twenty-six years old, was admitted, on proof of the grantor’s handwriting and of that of one of the subscribing witnesses, that of the other being difficult of proof. That case shews that there is no inflexible rule which compels the Court to require in all cases proof of every matter which may usually be given, and also, *85 that, when secondary evidence is resorted to, which satisfies the mind of a fact, the jury may find it accordingly. So in Duncan vs. Beard, (2 N. & M’C. 400,) the fact that an ancient will was found in the proper office, and had been admitted to probate, was held to be such a mark of authenticity as would justily the couft in permitting it to go to the jury. And the reason of that decision reaches another circumstance in this case. By an Act of the Legislature, deeds are allowed to be recorded on being proved before a justice of the peace. And an attested copy of a deed thus recorded, is, in the event of the loss of the original, evidence without other proof. When a deed is found to have been legally proved and registered, it is as strong a proof of its authenticity as to find a will in the proper office. If there were no other circumstance in this case, I should say that that warranted the Judge in sending a deed 35 years old to the jury.
Harllee for the motion ; Lesesne, contra.
Motion dismissed ;
the whole Court concurring.